# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **WILLIAM JOE PUGH, JR.,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No.: 2:20-cv-01398-LCB-SGC |
| **ALABAMA DEPARTMENT OF CORRECTIONS, *et al.*,** | ) |
| **Defendants.** | ) |

## ORDER

On January 20, 2021, U.S. Magistrate Judge Staci G. Cornelius issued a Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1) recommending that this case be dismissed without prejudice for the plaintiff's failure to prosecute his claims. (Doc. 6). Plaintiff has not objected to the Report and Recommendation.

If a party objects to a portion of a Magistrate Judge's report or proposed findings or recommendations, the District Court must conduct a de novo review of those portions of the report to which the party has specifically objected. 28 U.S.C. § 636(b)(1). Unchallenged portions of a Magistrate Judge's report are reviewed for clear error. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988).

Having reviewed the proposed findings and recommendations for clear error, the Court concludes that the Magistrate Judge's Report and Recommendation (Doc.

6) should be **ACCEPTED** and hereby **ADOPTS** it as the findings of the Court. The case is therefore **DISMISSED WITHOUT PREJUDICE**.

The Clerk of Court is **DIRECTED** to close the case.

**DONE** and **ORDERED** this February 9, 2021.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE

**United States Court of Appeals**
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith                                                                In Replying Give Number
Clerk of Court                                                                of Case and Names of Parties

# NOTICE TO PRISONERS CONCERNING CIVIL APPEALS

      The Prison Litigation Reform Act of 1995 (effective April 26, 1996) now **REQUIRES** that <u>all</u> prisoners pay the Court's $500 docket fee plus $5 filing fee (for a total of $505) when appealing any civil judgment.

      If you wish to appeal in a civil case that Act now **requires** that upon filing a notice of appeal you *either*:

(1)  Pay the total $505 fee to the clerk of the district court from which this case arose; *or*

(2)  arrange to have a prison official certify to the district court from which the appeal arose the <u>average</u> monthly deposits and balances in your prison account for each of the six months preceding the filing of a notice of appeal.

      If you proceed with option (2) above, the Act requires that the district court order you to pay an *initial partial fee* of at least 20% of the **greater** of either the <u>average</u> monthly deposits or of the <u>average</u> monthly balances shown in your prison account. The remainder of the total $505 fee will thereafter be deducted from your prison account each month that your account balance exceeds $10. Each such monthly deduction shall equal 20% of all deposits to your prison account during the previous month, until the total $505 fee is paid. (If your prison account statement shows that you cannot pay even the required *initial partial fee*, your appeal may nevertheless proceed, BUT THE TOTAL $505 FEE WILL BE ASSESSED AGAINST AND WILL BE DEDUCTED FROM FUTURE DEPOSITS TO YOUR PRISON ACCOUNT.)

      Fees are not refundable, regardless of outcome, and deductions from your prison account will continue until the total $505 fee is collected, even if an appeal is unsuccessful.

      David J. Smith
      Clerk of Court

      PLRA Notice